# UNITED STATES DISTRICT COURT

District of **NEVADA**

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| BO ARDEN ELLISON | Case Number: 2:11-CR-327 PMP-CWH |
| | USM Number: 46236-048 |
| | PAOLA M. ARMENI |
| | Defendant's Attorney |

**Date of Original Judgment:** 5/10/2013
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☒ Direct Motion to District Court Pursuant ☒ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☒ pleaded guilty to count(s) **One and Two of the Superseding Information**
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC §846 | Conspiracy to Distribute a Controlled Substance | 9/1/2011 | 1 |
| 18 USC §371 | Conspiracy to Unlawfully Deal in Firearms | 9/1/2011 | 2 |
| | | | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) **of Original Indictment** ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/10/2013
Date of Imposition of Judgment

*/s/ Philip M. Pro*
Signature of Judge

PHILIP M. PRO | U.S. District Judge
Name of Judge | Title of Judge

4/18/14
Date

AO 245C (Rev. 09/08 Amended Judgment in a Criminal Case)
Sheet 2 — Imprisonment
Case 2:11-cr-00327-JCM-CWH Document 150 Filed 04/23/14 Page 2 of 9
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: BO ARDEN ELLISON
CASE NUMBER: 2:11-CR-327 PMP-CWH

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

THIRTY (30) MONTHS PER COUNT, TO RUN CONCURRENT, WITH CREDIT FOR TIME SERVED
**Amended

☑ The court makes the following recommendations to the Bureau of Prisons:

The defendant be incarcerated at Sheridan, Oregon or Lompoc, California, and be permitted to participate in the Residential Drug Treatment Program, if eligible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 12:00 p.m. 7/2/2013 .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: BO ARDEN ELLISON
CASE NUMBER: 2:11-CR-327 PMP-CWH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

FOUR (4) YEARS AS TO COUNT ONE; THREE (3) YEARS AS TO COUNT TWO, CONCURRENT

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.  Revocation is mandatory for refusal to comply.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 4 of 6

DEFENDANT: BO ARDEN ELLISON
CASE NUMBER: 2:11-CR-327 PMP-CWH

# SPECIAL CONDITIONS OF SUPERVISION

1. You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2. You shall submit your person, property, residence, place of business and vehicle under your control to a search, conducted by the United States Probation Officer or any authorized person under the immediate and personal supervision of the Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

3. You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the Probation Office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further you shall be required to contribute to the costs of services for such treatment, as approved and directed by the Probation Office based upon your ability to pay.

4. You shall complete 40 hours of community service, as approved and directed by the Probation Officer.

5. You shall report, in person, to the Probation Office in the District to which you are released within 72 hours of discharge from custody.

6. You shall not knowingly have contact, directly or indirectly, associate with, or be within 500 feet of co-defendants, their residence or business, and if confronted by co-defendants in a public place, you shall immediately remove yourself from the area.

## ACKNOWLEDGEMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____    _____
Defendant                                                        Date


_____    _____
U.S. Probation/Designated Witness                    Date

Case 2:11-cr-00327-JCM-CWH Document 150 Filed 04/23/14 Page 5 of 9

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 of 6

DEFENDANT: BO ARDEN ELLISON
CASE NUMBER: 2:11-CR-327 PMP-CWH

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ | | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for ☐ fine ☐ restitution.

☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case  
         Sheet 6 — Schedule of Payments                                               (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: BO ARDEN ELLISON                            Judgment — Page 6 of 6  
CASE NUMBER: 2:11-CR-327 PMP-CWH

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ☑   Lump sum payment of $ 200.00 due immediately, balance due

         ☐   not later than _____ , or  
         ☐   in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,    ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☑   The defendant shall forfeit the defendant's interest in the following property to the United States:  
      See attached Final Order of Forfeiture

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

1
2
3
4                          **UNITED STATES DISTRICT COURT**
5                                **DISTRICT OF NEVADA**
6  UNITED STATES OF AMERICA,           )
                                       )
7              Plaintiff,              )
                                       )
8       v.                             )   2:11-CR-327-PMP-(CWH)
                                       )
9  BO ARDEN ELLISON,                   )
                                       )
10             Defendant.              )

11                           **FINAL ORDER OF FORFEITURE**

12         On July 5, 2012, the United States District Court for the District of Nevada entered a

13  Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States

14  Code, Section 924(d)(1), (2)(C), and (3)(B) and Title 28, United States Code, Section 2461(c); Title

15  21, United States Code, Section 853(a)(1), (a)(2), and (p); and Title 21, United States Code, Section

16  881(a)(11) and Title 28, United States Code, Section 2461(c); and based upon the plea of guilty by

17  defendant BO ARDEN ELLISON to criminal offenses, forfeiting specific property alleged in the

18  Superseding Information and agreed to in the Plea Memorandum and shown by the United States to

19  have a requisite nexus to the offenses to which defendant BO ARDEN ELLISON pled guilty.

20  Superseding Information, ECF No. 65; Preliminary Order of Forfeiture, ECF No. 67; Plea

21  Memorandum, ECF No. 68; Change of Plea Minutes, ECF No. 70.

22         This Court finds the United States of America published the notice of the forfeiture in

23  accordance with the via the official government internet forfeiture site, www.forfeiture.gov,

24  consecutively from July 14, 2012, through August 12, 2012, and notified all known third parties by

25  personal service or by regular mail and certified mail return receipt requested, of their right to petition

26  . . .

the Court. Notice of Filing Proof of Publication, ECF No. 74; Notice of Filing Service of Process, ECF No. 129.

On January 8, 2013, Patrick John Allen, II was served by personal service with a copy of the Preliminary Order of Forfeiture and the Notice. Notice of Filing Service of Process, ECF No. 129, p. 2-5 and 10-12.

On January 8, 2013, the U.S. Marshal's Service attempted to personally serve Bennett Lynden Madole with a copy of the Preliminary Order of Forfeiture and the Notice at 1905 Deosma Street, Las Vegas, Nevada, but could not locate him. Notice of Filing Service of Process, ECF No. 129, p. 20-23 and 28-30.

On March 14, 2013, the U.S. Marshal's Service attempted to personally serve Bennett Lynden Madole with a copy of the Preliminary Order of Forfeiture and the Notice at 1724 Adra Ct., Las Vegas, Nevada, but could not locate him. Notice of Filing Service of Process, ECF No. 129, p. 38-41 and 46-48.

On August 27, 2013, Federal Bureau of Investigation Special Agent Warren R. Burke signed a Declaration Regarding Service of Process stating that after further investigation it was found that Bennett Lynden Madole died on October 22, 2011. Notice of Filing Service of Process, ECF No. 129, p. 56-59.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the assets named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); Title 18, United States Code, Section 924(d)(1), (2)(C), and (3)(B) and Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(a)(1), (a)(2), (n)(7) and (p);

and Title 21, United States Code, Section 881(a)(11) and Title 28, United States Code, Section 2461(c); and shall be disposed of according to law:

   (a)   Maverick model 88 12 gauge short-barreled shotgun, serial number MV04934G;

   (b)   Mossberg model 500A 12 gauge shotgun, serial number L244961;

   (c)   Intratec Model Tec-9 9mm, serial number 23988;

   (d)   Russian SKS 7.62X39 rifle, with bayonet, serial number 9937905;

   (e)   Beretta model 92FS Compact 9mm pistol, serial number E31982Z;

   (f)   a homemade Mac-11 type 9mm pistol;

   (g)   Keltic CNC Industries, Inc. P11 pistol 9mm, serial number ASK60;

   (h)   any and all ammunition;

   (i)   an in personam criminal forfeiture money judgment of $900.00 in United States Currency; and

   (j)   an in personam criminal forfeiture money judgment of $300.00 in United States Currency ("property").

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

The Clerk is hereby directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office.

DATED this 19th day of November, 2013.

_____
UNITED STATES DISTRICT JUDGE

3